Affirmed and Memorandum Opinion filed February 27, 2007















Affirmed
and Memorandum Opinion filed February 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00929-CV

____________

 

MICHAEL GRAY, Appellant

 

V.

 

WASTE RESOURCES, INC., Appellee

 





 

On Appeal from the 61st
District Court

Harris County,
Texas

Trial Court Cause No. 99-07221

 





 

O P I N I O N

Michael Gray, appellant, obtained a jury verdict in his
favor in a suit for fraud against Waste Resources, Inc. (AWRI@).  The jury
awarded Gray $1,100,000 in actual and exemplary damages.  However, the
trial court subsequently granted WRI=s motion for
judgment non obstante veredicto  (AJNOV@) on the ground
that Gray presented (1) no evidence to support one or more essential elements of
his fraud claim and (2) no evidence to support the jury=s finding of
damages.  In a single issue, Gray contends the trial court erred in
granting WRI=s motion for judgment notwithstanding the
verdict.  We affirm.

 

Gray founded WRI with Pierre Morow in 1994.  Gray and
Morow each owned 50% of the stock.  Gray=s responsibilities
included sales, and he had the title of chief executive officer.  Morow=s responsibilities
included the financial side of WRI, and he was president.  In 1997, the
corporation needed legal representation, and WRI hired Bruce Daniel to
represent it in several lawsuits.  In lieu of legal fees, Gray and Morow
each conveyed 12.5% of their stock to Daniel.  This reduced Gray=s and Morow=s shares to 37.5%
each, with Daniel owning 25%.  WRI had a persistent shortage of
cash.  Often, WRI juggled vendor=s payments,
causing bills to run thirty to sixty days past due.  

During 1998, Gray and Morow=s friendship
disintegrated.  In December 1998, Morow and Daniel voted to terminate
Gray.  Gray retained his 37.5% interest in WRI and a seat on the board of
directors.  However, at a special director=s meeting on
January 8, 1999, the board voted to remove Gray as a director, raise $50,000
capital through the issuance of additional shares of stock,[1]
and to sell the front-load division of the corporation.  Gray voted
against the plan.  Under the plan, each shareholder would have an equal
opportunity to preserve his pro rata share of WRI by purchasing equivalent
shares of stock for one dollar each.[2] 
Thus, Gray was requested to pay $18,750.  Gray failed to purchase any
shares by the January 15, 1999 deadline.  On January 26, 1999, Daniel sent
a letter to Gray stating no agreement had been reached to sell the front-load
division, but the corporation was currently negotiating a sale.  The next
day, January 27, 1999, WRI sold the front-load division for $1,450,000.  

 

WRI informed Gray of the sale in a letter dated January 28,
1999.  WRI extended the deadline for Gray to purchase additional shares
under the recapitalization plan until February 22, 1999.  Again, Gray
failed to purchase any shares.  As a consequence, Gray=s shares were
diluted until he owned no part of WRI.

In November of 2002, Morow and Daniel sold WRI for
$3,500,000, earning approximately $2,700,000 in profits.  Gray brought
suit for fraud alleging misrepresentations by WRI.  Although Gray obtained
a favorable jury verdict, the trial court granted WRI=s motion for
JNOV.  In his sole point of error, Gray contends he presented more than a
scintilla of evidence on each element of fraud, and the trial court erred in
granting a JNOV.

A JNOV should be entered when the evidence offered to prove
a vital fact is no more than a scintilla.  City of Keller
v. Wilson, 168 S.W.3d 802, 810, 823 (Tex. 2005).  In
conducting a no-evidence review, we must view the evidence in the light most
favorable to the verdict, crediting favorable evidence if reasonable jurors
could, and disregarding contrary evidence unless reasonable jurors could
not.  Id.
at 807.  Proper legal sufficiency review prevents reviewing courts from
substituting their opinions on credibility for those of the jurors, but proper
review also prevents jurors from substituting their opinions for undisputed
truth.  Id.
at 816B17.  When
evidence contrary to a verdict is conclusive, it cannot be disregarded.  Id. at 817.

Gray submitted only one cause of action to the juryCfraud.  The
elements of fraud are: (1) a material misrepresentation was made; (2) the
representation was false; (3) when the representation was made the speaker knew
it was false or made it recklessly without any knowledge of the truth and as a
positive assertion; (4) the speaker made the representation intending that the
other party act upon it; (5) the party acted in reliance on the representation;
and (6) the party thereby suffered injury.  Formosa Plastics Corp. USA v. Presidio Eng=rs &
Contractors, Inc., 960 S.W.2d 41, 47 (Tex.
1998).

In its
judgment, the trial court stated Gray failed to present any evidence for one or
more of the elements of fraud.  We focus on the reliance element.

 

Reliance
is a necessary element of common‑law fraud.  Schlumberger Tech.
Corp. v. Swanson, 959 S.W.2d 171, 182 (Tex. 1997).  The reliance must be
reasonable and justified.  Gilmartin v. KVTVCChannel 13, 985 S.W.2d 553, 558 (Tex. App.CSan Antonio 1998, no pet.).  To prevail
on a fraud claim, a plaintiff is required to demonstrate that he relied upon a
fraudulent misrepresentation to his detriment.  Trenholm v. Ratcliff,
646 S.W.2d 927, 930B31 (Tex.
1983).  Gray, as a plaintiff, needed to show he  failed to purchase
his pro rata shares of WRI under the equity recapitalization plan because of
his reliance on a misrepresentation by WRI.  

 

The record shows Gray attempted to borrow money in order to
purchase the shares, but was unable to secure financing.  Gray cites this
as proof of his reliance on statements by Morow and Daniel that WRI needed the
money.  The fact that Gray attempted to secure a loan does not satisfy the
reliance element.  The jury charge defined justifiable reliance as ABelief in the
misrepresentation at the time made and acted upon it.@  (Emphasis
added).  Thus, Gray needed to show he did not purchase the shares because
these misrepresentations induced him to forego his opportunity to purchase the
shares.  Gray repeatedly testified he would have purchased the shares if
he had been able to borrow the money.  Gray also stated he did not believe
the statements by Morow and Daniel that WRI was in such serious financial
straits the equity recapitalization plan was necessary.  Gray testified he
would have voted in favor of the plan if he had believed WRI actually needed
the money to survive.  Gray=s testimony
negated any possible reliance he might assert regarding the alleged
misrepresentations about the financial health of the company.[3] 
The jury could not disregard the undisputed truth of plaintiff=s own
testimony.  Thus, there was no evidence of reliance on Gray=s part, and the
JNOV was proper.  Accordingly, we overrule Gray=s sole issue and
affirm the judgment of the trial court.

 

 

                                                           
/s/    J. Harvey
 Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 27, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.














[1]  Referred to as the equity recapitalization plan
or the plan.





[2]  The maximum number of shares each shareholder
could purchase was Gray 18,750, Morow 18,750, and Daniel 12,500.





[3]  Gray introduced into evidence a letter dated
January 27, 1999, that stated WRI had no agreement to sell the front‑load
division, but was negotiating for its sale.  WRI in fact sold the division
the next day.  Gray cites this as another misrepresentation.  Even
assuming Gray's assertion of a misrepresentation is true, it is
irrelevant.  WRI provided Gray with an additional opportunity to purchase
shares after he became aware of the sale.  Therefore, Gray=s failure to purchase the shares could not have been
due to a misrepresentation  concerning the division=s sale.